UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY BONDY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                                    /

Case No. 13-cv-14537

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS**
(document no. 30), **ADOPTING REPORT
AND RECOMMENDATION** (document no. 29),
**DENYING BONDY'S MOTION FOR SUMMARY JUDGMENT**
(document no. 23), **DENYING AS MOOT BONDY'S MOTION FOR
EXTENSION OF TIME** (document no. 27), **GRANTING COMMISSIONER'S
MOTION FOR SUMMARY JUDGMENT** (document no. 26), **AND DISMISSING CASE**

    Mary Bondy applied for Social Security Disability Insurance Benefits and Supplemental Security Income in 2003. An Administrative Law Judge (ALJ) denied the claim, but the Appeals Council granted review and remanded the case for another hearing. Another ALJ held a hearing and once more denied her claim. The Appeals Council once more granted review and remanded the case. In 2012, another ALJ conducted a hearing, at which Bondy once more testified. The ALJ again denied her claim. After the Appeals Council denied review, Bondy appealed the decision to this Court under 42 U.S.C. § 405(g). Both parties then filed cross-motions for summary judgment. ECF Nos. 23, 26.

    The Court referred the motions to a United States Magistrate Judge, who issued a Report and Recommendation ("Report") advising the Court to grant the Commissioner's motion, deny Bondy's motion, and dismiss the case. ECF No. 29. Bondy filed fifteen timely

objections. ECF No. 30. The Court has reviewed the filings, will adopt the Report, overrule the objections, and dismiss the case.

## BACKGROUND

The magistrate judge thoroughly documented the evidence in this case. While Bondy filed objections to the magistrate's reasoning, she lodges no complaint against his recitation of the facts. Accordingly, the Court will adopt the factual section of the magistrate's opinion.

## STANDARD OF REVIEW

A claimant may appeal a Social Security Administration decision to a United States district court. 42 U.S.C. § 405(g). The district court's review, however, "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). "A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Id.* (citations omitted). Nonetheless, an "ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based on the record." *Id.* (citations omitted).

## DISCUSSION

I.  <u>Credibility Determination (Objections 1, 2, 10)</u>

Bondy's initial set of objections is that the ALJ did not adequately credit her testimony. While the ALJ acknowledged she suffered from a host of maladies, he did not credit her statements that her condition was debilitating. Courts generally defer to ALJ credibility

determinations. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). The ALJ is "charged with observing the claimant's demeanor and credibility," and courts therefore review ALJ credibility determinations only for substantial evidence. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007).

In this case, the ALJ adequately explained why he did not fully credit her testimony. Bondy alleged she was in crippling pain and had frequent headaches, yet was on no pain medications. She had never sought emergency medical treatment, and only sporadically saw a doctor. One time in 2007 she did seek help regarding her headaches, but the MRI came back normal and the doctor did not prescribe any medicine. Furthermore, she failed to follow her physician's advice to get regular exercise, thus leading the ALJ to find her pain not as serious as alleged. In addition, her statements regarding her daily household activities and chores were inconsistent, as were her statements about how long her daughter and granddaughter had lived with her. Finally, the Court notes three different ALJs have observed Bondy, and none found her credible. Tr. 30–31, 443, 455. Accordingly, the Court finds the ALJ's credibility determination was supported by substantial evidence and overrules Bondy's objections.

II.     Treating Source Opinion (Objection 3, 8, 9)

Next, Bondy asserts the ALJ did not have "good reasons" for rejecting Bondy's two treating source opinions. When a treating source's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it must be given controlling weight." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004));  20 C.F.R. § 404.1527(d)(2). The ALJ must articulate "good

3

reasons" for not giving controlling weight to the opinion. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009). If the treating source opinion is not given controlling weight, an ALJ must examine "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source—in determining what weight to give the opinion." *Wilson*, 378 F.3d at 544.

The ALJ did not fully credit Dr. Dona's 2010 treating source opinion, which was provided only after two ALJs had already rejected Bondy's benefits application. Dr. Dona's opinion stated Bondy would routinely need unscheduled twenty minute work breaks, that she would need to elevate her legs ninety degrees ten percent of each work day, and that she would miss more than four work days per month. Tr. 31. The ALJ noted no objective medical evidence, including Dr. Dona's own treatment notes, that supported these severe restrictions. Indeed, Dr. Dona had previously "never restricted the claimant from any particular activity during the course of treatment." Tr. 31. And the limitations were inconsistent with Bondy's daily activities. Accordingly, the ALJ afforded Dr. Dona's opinion limited weight to the extent consistent with treatment records. Tr. 31. The magistrate's Report goes into greater detail about the ALJ's justifications for discounting Dr. Dona's opinion, and is adopted in full. Report 23–24, ECF No. 29.

In addition, the ALJ did not fully credit Dr. Hanke's treating source opinion that stated Bondy had a GAF of 40, Tr. 318, which indicates "some impairment in reality testing or communication OR major impairment in several areas such as work, school, family relations, judgment, thinking or mood." *Diagnostic and Statistical Manual of Mental Disorders—Text Revision* 34 (4th ed. 2000). Two other consulting physicians also gave

4

Bondy a comparable GAF score. Nonetheless, the ALJ articulated good reasons for discounting these limitations. At the outset, other physicians gave higher GAF scores. Dr. Bright gave her a GAF score of 52, Dr. Gutterman gave her a GAF score of 52, and Dr. Gummadi gave her a GAF score of 50. These higher scores were consistent with the evidence of her daily activities, though they still show limitations. In any event, the Sixth Circuit has stated that ALJ's need not credit GAF scores at all, especially when, as here, the score is unaccompanied by a suggestion that Bondy is unable to work. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 511 (6th Cir. 2006); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002) ("While a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy."). Furthermore, the ALJ accounted for mental limitations by stating Bondy could only perform simple, routine tasks. For these reasons and the reasons stated in the Report, the Court will overrule Bondy's objections.

III. Full And Fair Hearing (Objection 7)

Bondy next claims the ALJ repeatedly cut off her attorney's questioning, therefore denying her a full and fair hearing. She argues the attorney was going to ask important questions about the vocational expert's ("VE") qualifications. She also contends the ALJ's expressions of frustration over the use of administrative resources showed the ALJ had a predisposition about the case.

As the Report notes, claimants have a right to cross-examine a VE, but the entitlement to cross-examination is not unlimited. Report 20–21, ECF No. 29 (citing *Moore v. Sec'y of Health & Human Servs.*, No. 4:191CV110, 1992 WL 300849, at *2 (W.D. Mich. Aug. 10, 1992)); *see also* 20 C.F.R. § 404.950(e). Bondy's counsel asked several

questions, including questions to clarify the VE's previous answers, Tr. 1068, and questions relating to limitations on finger dexterity and Bondy's ability to manipulate them, Tr. 1071. The ALJ also asked about the limitations contained in Dr. Dona's report, which appears to be what Bondy's attorney was most concerned about. Tr. 1072. The ALJ became exasperated based on what she perceived as irrelevant or redundant questioning. For example, Bondy's attorney asked about the maximum amount of time an employer would allow a person to be off task, Tr. 1069, even though the ALJ had already asked a similar question, Tr. 1067. The ALJ also became frustrated by questions when the functional limitation was either not supported by the medical record, Tr. 1071, or when the limitation would lead to an obvious finding of disabled. To illustrate, the attorney posed the question of whether there would be any employment opportunities "if an individual was limited to less than two hours of standing and walking, [and] less than two hours of sitting in an eight hour" workday. Tr. 1069. While Bondy had a right to cross-examine the VE, claimants do not have carte blanche to ask redundant or futile questions. And ALJs in a hearing, much like a judge in a court, should be able to limit testimony to what is relevant and not redundant.

Furthermore, as the Report states, there is no evidence from the transcript that Bondy was going to ask about the VE's qualifications. Moreover, there is no evidence that the VE was unqualified or that his testimony was inconsistent or inadequate. Thus, even if there was error, it was harmless.

Finally, the ALJ stated: "Why don't you just - - okay counsel, I will allow you and the answer's going to be obvious with a futile exercise but anything to avoid appeal at this point because this case has been going on way too long." Tr. 1072. Bondy argues this statement showed the ALJ was biased, and therefore violated her constitutional right to an impartial

decision maker. The Court disagrees. As the Supreme Court has stated: "Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *Liteky v. United States*, 510 U.S. 540, 555–56 (1994). The ALJ's statements, while showing exasperation, do not rise to the level of animosity demonstrating unconstitutional judicial bias.

IV.  Severe Depression And Fibromyalgia With Headache (Objection 6)

Bondy also argues the ALJ's hypothetical to the VE did not include limitations regarding her "severe" depression and fibromyalgia with headache. As the Sixth Circuit has explained, "if an impairment has 'more than a minimal effect' on the claimant's ability to do basic work activities, the ALJ is required to treat it as 'severe.'" *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 428 (6th Cir. 2007). Requiring that an ailment be severe is essentially a way "to screen out 'totally groundless claims.'" *Id.* (quoting *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89 (6th Cir. 1985)). Other than her conclusory statement that the ALJ's step two severity finding was not considered in the hypothetical, Bondy does not explain how the hypothetical was deficient. For these reasons and the reasons stated in the Report, the Court overrules her objection.

V.  The Step Four Conclusion (Objection 11)

Bondy also contends the ALJ inadequately questioned the VE about Bondy's prior work experience at a greenhouse. As the magistrate judge explained though, and as courts in this district have repeatedly stated, ALJ's need not question a VE when making a step

four analysis. In *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010), the Sixth Circuit upheld a disability denial even though the ALJ had not asked the VE any questions about past work. The court explained "[t]he ALJ was not required to solicit testimony from a VE in reaching his conclusion." *Id.* (citing 20 C.F.R. § 404.1560(b)(2)). Here, by contrast, the ALJ did question the VE about Bondy's past work experience. The VE listened to Bondy's testimony regarding her work at the Greenhouse and, based on the hypothetical questions the ALJ posed, testified she could perform her past work. Accordingly, the Court will overrule Bondy's objections.

VI.     Failure To Discuss Each Piece Of Evidence (Objection 12)

Bondy next argues the ALJ's decision is not supported by substantial evidence because the ALJ did not "discuss the EKG performed on December 31, 2006 suggesting 'consider old anterior infarct'" or an "electrodiagnostic study" of Bondy's hands. Obj. 12, ECF No. 30. But an "ALJ can consider all of the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Korneck v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (internal quotations omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 F. App'x 521, 526 (6th Cir. 2006) ("Even though the ALJ did not discuss (or maybe even consider) every piece of medical evidence relevant to CFS, the evidence that she did consider was substantial.").

The ALJ considered substantial evidence here. The administrative record is more than one thousand pages long, and details a decade long treatment history. The ALJ's decision is extensive, and, as the Report noted, "supplied a remarkably detailed and balanced discussion of the voluminous transcript." Report 26, ECF No. 29. While the ALJ

8

did not (indeed, could not) mention every piece of evidence, the evidence considered was substantial. Accordingly, the Court will overrule the objection.

VI. Combined Effects Of Limitations (Objection 14)

Bondy argues the ALJ committed error by not considering "all impairments in combination, severe and non-severe, exertional and nonexertional, and assess limitations for same." Obj. 13, ECF No. 30. As the Report noted, the ALJ methodically went through each of Bondy's ailments, detailing whether they were severe or non-severe, and justifying his decision. Tr. 25–26. Bondy contends "there was absolutely no consideration of Plaintiff's obesity contrary to SSR 02-1p". Obj. 13, ECF No. 30. But the ALJ explicitly noted Bondy's obesity and even cited that specific Social Security Ruling. Tr. 27.

In addition, Bondy takes issue with the ALJ's statement that "[e]ven if [the impairments] were found severe, I find that the functional limitations would be accommodated by the capacity for work at the light exertional level." Tr. 26, Obj. 13, ECF No. 30. Bondy states: "I find this to be an astonishing statement. In other words, there would be no change in limitations no matter the level of severity." Obj. 13, ECF No. 30. There is nothing inconsistent about the ALJ's statement. The Sixth Circuit has stated that "[a] claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007). Bondy fails to explain how any of the non-severe limitations, if found severe, would create RFC limitations not already accounted for. Accordingly, her objections are overruled.

VII. Waived Arguments (Objections 4, 5, 13, 15)

9

"Issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003). In Objection 4, Bondy objects to the Report's statement that it is the claimant's burden to prove a health problem equals a listed impairment. She makes no attempt distinguish any of the cases the Report cites. The only case she cites in support is *Pizzo v. Comm'r of Soc. Sec.*, No. 13-cv-11344, 2014 WL 1030845, at *16 (E.D. Mich. March 14, 2014), but that page only details the treating source rule, which is irrelevant. She also cites Social Security Ruling 96-9p and CFR § 404.1520(a)(4)(iii), but makes no effort to explain how those provisions apply. The Court finds the objection waived.

In Objection 5, Bondy appears to object to the magistrate's conclusion that the words "simple and routine" adequately reflected Bondy's mental limitations. Obj. 4, ECF No. 30. The objection consists of phrases pulled from the Report, and two sentences distinguishing one of the cases cited by the magistrate. But it makes no effort to explain how Bondy's health problems created deficiencies not accounted for in the modifiers "simple and routine." Accordingly, the Court finds the argument waived.

Similarly, Objection 13 merely states that the ALJ failed to perform a "function by function analysis," but otherwise makes no attempt to explain how the ALJ's opinion was deficient. Objection 15 states in full: "On page 34 of his decision the Magistrate concluded by stating 'Her multiple claims of error are countered by substantial evidence in the record.' As indicated in the preceding and Plaintiff's Brief, generally, the ALJ's decision is not supported by substantial evidence and is replete with legal error." Obj. 13, ECF No. 30. To

the extent those arguments are made separately from Bondy's other objections, they are unsupported and thereby waived.

## CONCLUSION

For the reasons set forth, the Court will overrule Bondy's objections, deny her motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the case. The Court notes Bondy filed an ex parte motion for extension of time to file a response brief to the Commissioner's summary judgment motion. ECF No. 27. Bondy filed a response on October 10, 2014, and given the disposition of the case, the Court will deny the ex parte motion as moot.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Bondy's Objections (document no. 30) are **OVERRULED**, and the Report and Recommendation (document no. 29) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Bondy's Motion for Summary Judgment (document no. 23) is **DENIED**, and Bondy's Motion for Extension of Time (document no. 27) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment (document no. 26) is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 31, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 31, 2015, by electronic and/or ordinary mail.

                                          s/Carol Cohron
                                          Case Manager